UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BUSHY, | Case No. CV 22-0095 FMO (GJSx) |
| Plaintiff, | |
| v. | **ORDER RE: PENDING MOTION** |
| MICHAEL GREEN, et al., | |
| Defendants. | |

Having reviewed the briefing filed with respect to pro se defendant Michael Green's ("defendant") Motion to Dismiss [] (Dkt. 18, "Motion"), the court will deny the Motion without prejudice for referencing materials outside the pleadings. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 (3d ed. 2004) ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."). Although defendant does not formally request judicial notice or cite the doctrine of incorporation-by-reference, he asks the court to consider several exhibits in support of his Motion.[1] (See Dkt. 18, Motion at ECF 74-78).

Facts subject to judicial notice are those that are either "generally known within the trial

---

[1] Plaintiffs Estate of Ronald Bushy and Nancy Bushy's opposition to the Motion also references materials outside the pleadings and attaches exhibits without requesting judicial notice. (See, generally, Dkt. 19, Opposition to Defendant's Motion to Dismiss []).

court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). "A court must also consider – and identify – which fact or facts it is noticing" under Federal Rule of Evidence 201(b). Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018). "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." Id.

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." Khoja, 899 F.3d at 1002. "[A] defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Id. (internal quotation marks omitted). The "mere mention of the existence of a document is insufficient to incorporate the contents of a document[.]" Id. (internal quotation marks omitted). "[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." Id.

Here, defendant attaches a copy of a document titled "2019 Amendment in Toto to Declaration of the Bushy Family Trust[,]" (Dkt. 18, Exh. C, 2019 Amendment at ECF 99-123), which he relies on to support his contention that plaintiffs are "trying to obtain a declaration about rights which [they] do[] not own[.]" (Dkt. 18, Motion at ECF 77). Defendant also cites an alleged assignment to support his contention that he is "an owner if not the owner" of the disputed trademark.[2] (See id.). However, the court may not judicially notice a fact that is subject to reasonable dispute, see Fed. R. Evid. 201(b), and ownership of the trademark is at the heart of the dispute in this action. (See, e.g., Dkt. 15, First Amended Complaint at ¶ 27) ("The dispute between Plaintiffs and Defendant concerns ownership of the IRON BUTTERFLY mark.").

---

[2] Although defendant states that "[a] copy of the assignment is attached as Exhibit D[,]" (Dkt. 18, Motion at ECF 78), he did not attach an Exhibit D or any other document that appears to be an assignment. (See, generally, id.). Defendant also refers to an "attached declaration" as "Exhibit B[,]" (see id. at ECF 75), but no Exhibit B or declaration is attached to the Motion. (See, generally, id.).

The court is persuaded that the documents and the arguments raised in the pending Motion that rely upon those documents would more appropriately be considered at summary judgment. See Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1366, at 159 ("As the language of [Rule 12(b)(6)] suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it."); see, e.g., Columbia River People's Utility Dist. v. Portland Gen. Elec. Co., 40 F.Supp.2d 1152, 1153-54 (D. Or. 1999) (court has discretion whether to consider materials outside the pleadings and "convert the motion to dismiss to a motion for summary judgment"); Williams v. Cty. of Alameda, 26 F.Supp.3d 925, 935 (N.D. Cal. 2014) ("[T]he Court has discretion either to consider or reject such evidence" outside the pleadings.).

Defendant also attached a copy of a third-party complaint he filed against plaintiffs in a separate action in the United States District Court for the District of Utah ("Utah Action"). (See Dkt. 18, Motion at ECF 74); (see also id., Exh. A, ECF 81-98, Third-Party Complaint, Green v. Park City Performances, et al., CV 21-0627 (D. Utah)). Although a court may take judicial notice of court filings, see, e.g., Shulman v. Kaplan, 2020 WL 2748022, *3 (C.D. Cal. 2020), it is unclear for what purpose defendant asks the court to consider his complaint in the Utah Action. (See, generally, Dkt. 18, Motion at ECF 74-75).

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant's Motion to Dismiss [] **(Document No. 18)** is **denied without prejudice**.

2. Defendant shall file his Answer to the First Amended Complaint or a Rule 12(b)(6) motion without incorporating any documents by reference or attaching any exhibits no later than **April 14, 2022**.

Dated this 6th day of April, 2022.

                                                  /s/
                                  Fernando M. Olguin
                                United States District Judge