JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RONALD BUSHY and NANCY BUSHY as Personal Representative of the Estate of Ronald Bushy,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN, MICHAEL and DOES 1 through 30, inclusive,<br><br>Defendant. | CASE NO.: 2:22-cv-0095-FMO-GJS<br><br>**ORDER AND JUDGMENT RE: STIPULATION FOR ENTRY OF JUDGMENT**<br><br>**The Honorable Fernando M. Olguin** |

Based on the Parties' Stipulation for Entry of Judgment and GOOD CAUSE APPEARING,

IT IS HEREBY ORDERED, ADJUGED, AND DECREED:

1. Judgment is hereby entered in favor of Plaintiffs and against Defendant as to Plaintiff's claims against Defendant for Declaratory and Injunctive Relief, Rectification of the Trademark Registration, Civil Liability for False or Fraudulent Registration, Conversion, False

Designation of Origin, Statutory Unfair Competition, and Intentional Interference with Economic Relationship;

2. It is hereby declared that any right, title, or interest in the U.S. Registration No. 1,672,168 (the "168' Reg.") is rightly retained and vests in Ronald Bushy;

3. An Order will be issued pursuant to 15 U.S.C. § 1119 to the United States Patent and Trademark Office ("USPTO") Assignment Recordation Branch, the USPTO, and all those that control the assignment recordation process that Defendant's recorded assignment of the 168' Reg. on 10/01/2021, Reel/Frame 7440/0236 is void *ab initio* and the 168' Reg. trademark rights revert back to Ronald Bushy;

4. Upon acknowledgment by the USPTO that Reel/Frame 7440/0236 is void *ab initio*, acceptance of the recordation of the 168' Reg. to Ronald Bushy, and assignment to the Bushy Family Trust of any remaining 168' Reg. trademark rights conveyed to Defendant by Catherine Nail; and upon dismissal with prejudice of all third party defendants in the District of Utah matter entitled *Green v. Park City Performance et al.*, 2:21-cv-00627-JNP-CMR; only then shall Plaintiffs' claims against Defendant will be DISMISSED WITH PREJUDICE.

5. Defendant, and other entities in which Defendant retains any ownership interest, either directly or through his family or agents are permanently enjoined from infringing any of Plaintiffs' trademarks;

6. Defendant admits and acknowledges that the 168' Reg. and all IRON BUTTERFLY trademark rights are owned by Plaintiff are valid and enforceable;

7. Defendant agrees to cooperate with Plaintiffs to whatever extent is

necessary to nullify the Reel/Frame 7440/0236 such that a proper chain of title would establish rights in the 168' Reg. to Plaintiffs. In the event the USPTO or the Commissioners of Trademark do not accept the invalidity of Reel/Frame 7440/0236, Defendant assigns in its entirety any and all rights of the 168' Reg. to Plaintiffs;

8. No appeal shall be taken from this Consent Judgment;
9. Each Party shall bear its own costs and attorneys' fees; and
10. This Court shall retain jurisdiction of this case to enforce the terms set forth in this Order.

Dated: June 6, 2022     By:     /s/
Hon. Fernando M. Olguin
United States District Judge